IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>TYSON RHAME,<br>TERRENCE KELLER,<br>JAMES SHAW, AND<br>FRANK BELL | Criminal Action No.<br><br>1:16-CR-67-SCJ-CMS |

**United States' Motion for Disclosure of
'Reliance on Advice of Counsel' Defense**

The United States of America, by John A. Horn, United States Attorney, and Thomas J. Krepp and Steven D. Grimberg, Assistant United States Attorneys for the Northern District of Georgia, moves the Court to set a 90-day pretrial deadline for the defendants to disclose whether they intend to assert a 'reliance on advice of counsel' defense.

The defendants are charged with an investment fraud and money laundering scheme that grossed over $600 million from the sale of Iraqi dinar and other exotic currencies. Based on statements and representations made by the defendants and their counsel, the Government has reason to believe that some or all of the defendants may assert a 'reliance on advice of counsel' defense to the

1

charges. Doing so would waive the attorney-client privilege, thereby allowing Government counsel to probe the veracity of such a defense by reviewing and inquiring about attorney-client communications on the pertinent subject matters. But absent a pre-trial deadline requiring advance notice, the defendants could wait to raise a 'reliance on advice of counsel' defense on the eve of, or even in the middle of a jury trial, causing a disruption and delay in the proceedings, imposing unfair prejudice against the Government's ability to probe the veracity of such a defense, and impairing the Court's and jury's ability to fairly administer justice based on the full disclosure of all material facts.

A. Asserting a 'Reliance on Advice of Counsel' Defense Waives the Attorney-Client Privilege

It is well settled that raising a 'reliance on advice of counsel' defense waives the attorney client privilege. *See, e.g., Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1417-21 (11th Cir.1994) (recognizing that courts have found waiver of the privilege when a client asserts reliance on counsel's advice as a defense); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (attorney client privilege cannot be used as both a shield and a sword); *United States v. Mierzwicki*, 500 F. Supp. 1331, 1334 (D. Md. 1980) (fairness demands treating the defense as a waiver of the attorney-client privilege).

In asserting a 'reliance on advice of counsel' defense, a defendant, in essence, represents that he fully disclosed all relevant facts to an independent attorney, the attorney offered a legal opinion or rendered legal advice on the legality of a proposed transaction or conduct, and the defendant relied in good faith on this opinion or advice in determining a course of action. *See* ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), SPECIAL INSTRUCTION NO. 18 (2010); *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998); *C.E. Carlson, Inc. v. SEC*, 859 F.2d 1429, 1436 (10th Cir. 1988); *United States v. Carr*, 740 F.2d 339, 347 (5th Cir. 1984). This assertion is enough to constitute a waiver of any associated attorney-client privilege, because the communications with the attorneys would become material to determining the defendant's knowledge and intent. *See United States v. Eisenstein*, 731 F.2d 1540, 1544 (11th Cir. 1984); *United States v. Plache,* 913 F.2d 1375, 1380 (9th Cir. 1991); *United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989).

B.  <u>The Court Has Inherent Authority To Impose Pre-Trial Notice Deadlines</u>

The Federal Rules of Criminal Procedure explicitly enumerate certain defenses as ones that require pretrial notice in all cases: alibi (Rule 12. 1), insanity (Rule 12.2), and public authority (Rule 12.3). According to the Advisory Committee Notes, advance notice as to these defenses is required to permit the

government to prepare for trial and to avoid the necessity of continuances in the middle of the trial. *See, e.g.,* Advisory Committee Note to Rule 12.2. Although the Government recognizes that 'reliance on advice of counsel' is not an enumerated defense requiring advance notice in *all* cases under the Federal Rules, in this particular case it shares the same characteristics and rationale justifying those defenses that are so enumerated: it is a fact-intensive inquiry that is likely to disrupt judicial proceedings and create substantial obstacles to reaching a just resolution if raised for the first time on the eve of, or during, trial. In fact, in connection with multiple search warrants executed on email accounts owned or controlled by the defendants and others, the Government has filtered and not reviewed thousands of pages of email communications with counsel, at least some of which could and would need to be reviewed if and when any defendant formally declared his intention to assert a 'reliance on advice of counsel' defense.

This Court has inherent authority to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure. *See United States v. Beckford*, 962 F. Supp. 748, 755-58 (E.D.Va.1997); s*ee also United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir.1996) (district court had authority to require defendant to produce witness list prior to trial); *United States v. Kloepper*, 725 F.Supp. 638, 640

(D.Mass.1989) (district court has inherent authority to order handwriting exemplars and fingerprints of defendant to be produced even though not specifically listed in Rule 16); *United States v. Hearst*, 412 F.Supp. 863, 870 (N.D.Cal.1975) (defendant ordered to give government notice and discovery of novel defense of "brainwashing" by a cult group despite the fact that it did not fall within the strict dictates of Rule 12.2). The Court should exercise its inherent authority in circumstances where, as here, imposing an advance notice requirement will enable the Court to efficiently manage its docket, conserve limited judicial resources by avoiding substantial trial delays, and facilitate the jury's ability to reach an informed and just verdict.

C. <u>Conclusion</u>

The United States respectfully requests that the Court require any defendant who wishes to assert a 'reliance on advice of counsel' defense to the charges in the indictment notify counsel for the Government in writing at least 90 days prior to trial.

                                           Respectfully submitted,

                                           JOHN A. HORN
                                               *United States Attorney*

                                       /s/THOMAS J. KREPP
                                              *Assistant United States Attorney*
                                         Georgia Bar No. 346781
                                         Thomas.Krepp@usdoj.gov

                                       /s/STEVEN D. GRIMBERG
                                              *Assistant United States Attorney*
                                         Georgia Bar No. 312144
                                         Steven.Grimberg@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Counsel for Tyson Rhame;
>Counsel for Terrence Keller;
>Counsel for James Shaw;
>Counsel for Frank Bell

June 6, 2016

>/s/ STEVEN D. GRIMBERG
>STEVEN D. GRIMBERG
>*Assistant United States Attorney*